IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHANTUBHAI SHAH, </br></br> Plaintiff, </br></br> v. </br></br> MEIER ENTERPRISES, INC., a Washington Corporation; PAUL GIEVER, CEO/President; STEVEN ANDERSON, an Individual; BOBBI KEEN, an Individual; MEIER ENTERPRISES OFFICERS, Individuals; MEIER ENTERPRISES DIRECTORS, Individuals; MEIER ENTERPRISES EMPLOYEE OWNERS, Individuals; </br></br> Defendants. | Civil No.: 3:17-cv-00226-JE </br></br> OPINION AND ORDER |

Shantubhai N. Shah
6637 SW 88th Place
Portland, OR 97223

    Plaintiff *pro se*

Krishna Balasubramani
Sather Byerly & Holloway, LLP
111 SW Fifth Avenue, Suite 1200
Portland, OR 97204

    Attorney for Defendant Meier

OPINION AND ORDER – 1

JELDERKS, Magistrate Judge:

Plaintiff Shah brings this action against Defendants Meier Enterprises, Inc. ("Meier"); individuals Paul Giever, Steven Anderson, Bobbi Keen; and Meier Enterprises officers, directors, and employee owners, alleging breach of contract, age and race discrimination, and whistle blower retaliation. Plaintiff originally filed his complaint in Washington County Circuit Court for the State of Oregon on November 22, 2016. (Dkt. #1). On February 10, 2017, Meier removed the case to this court based on federal question jurisdiction for Plaintiff's claims under 42 U.S.C. §2000e-2 and 29 U.S.C. § 623 and supplemental jurisdiction for Plaintiff's state law claims. (Dkt. #1). The Notice of Removal asserts that counsel for Meier also represents defendants Giever, Anderson and Keen, but also asserts that these defendants have not been properly served. Id. Only Meier has appeared in the action pending in this court. Currently before the Court are Plaintiff's motion for remand and motion for entry of default.

## Background

According to the allegations in Plaintiff's Complaint, Plaintiff is a "Registered Professional Engineer" who was employed by Meier Enterprises as a Sr. Electrical Engineer/Project Manager. Complaint at ¶3. Meier Enterprises is a Washington Corporation with its principal place of business in Kennewick, Washington. Plaintiff alleges that Paul Giever is the interim CEO/President and that Steve Anderson is President and CEO of Meier Enterprises and was Plaintiff's Supervisor. Complaint at ¶¶ 2, 4, 6.[1] Defendant Bobbi Keen is identified in her Declaration in Response to the Motion to Remand as the Controller for Meier Enterprises, Inc.

On November 22, 2016, Plaintiff commenced an action against Defendants in Washington County Circuit Court for the State of Oregon. On November 23, 2016, Plaintiff

---

[1] According to Meier Enterprises' listing in the Oregon Secretary of State's Business Registry, Steve Anderson is President and Paul Giever is Secretary. Balasubramani Decl. Ex. 6

OPINION AND ORDER – 2

mailed one copy of the complaint and summons by first class mail and one copy certified mail with no return receipt to Meier Enterprises, Inc. at their principal place of business in Kennewick, Washington. Balasubramani Decl. Ex. 3; Keen Decl. Ex. 10. According to United States Postal Service tracking information, the certified mailing was delivered to the "Front Desk/Reception" on November 28, 2016. Balasubramani Decl. Ex. 3. In a letter to Plaintiff dated December 21, 2016, attorney George Cicotte, expressed on behalf of Meier Enterprises, Inc., and the other defendants it employs, that no answer would be filed in the Washington County case because Plaintiff had not properly served the complaint. Mr. Cicotte referenced the Summons dated November 23, 2016 that Plaintiff mailed and asserted that by signing as Plaintiff did, he had falsely certified that he was not a party to the litigation and that, as a result, the summons failed to comply with the applicable rule of civil procedure. Cicotte Decl. Ex. 8. In the letter, Mr. Cicotte writes that "[i]n an attempt to resolve this situation and to protect itself from additional liability, Meier hereby makes an offer of judgment to you in the amount of $1,000." Id.

On December 27, 2016, Mr. Cicotte responded by email to an email from Plaintiff that asserted that the November 2016 service was valid. Cicotte Decl. Ex. 7. Mr. Cicotte reiterated that service was not valid and offered to waive the service errors and file an answer to Plaintiff's complaint if Plaintiff dismissed all individual defendants from the case. Id.

In his Declaration, Mr. Cicotte asserts that he contacted the Washington County Circuit Court clerk's office around January 5th, 2017, and was told that Plaintiff's service was not proper. He has attached handwritten notes he asserts he took of that conversation. Cicotte Decl. Ex. 9. Mr. Cicotte also declares that he spoke with Plaintiff on January 16, 2017, regarding service deficiencies.

On January 4, 2017, Plaintiff filed a Proof of Service – Summons dated November 23, 2016 in Washington County Circuit Court. Balasubramani Decl. Ex. 2. On January 16, 2017, Plaintiff filed with the Washington County Circuit Court a Certificate of Mailing dated January 7, 2017 which certified that summons had been mailed by first class and certified mail addressed to Mr. Paul Giever, Secretary/CEO, Meier Enterprises, 12W Kennewick Ave., Kennewick, WA, 99336 and delivered on November 28, 2016. Balasubramani Decl. Ex. 3.

On January 20, 2017, Plaintiff served Meier Enterprises' Oregon registered agent by restricted certified mail, return receipt. Balasubramani Decl. Ex. 5; Notice of Removal Ex. A. Meier Enterprises filed a Notice of Removal on February 10, 2017. In its Notice of Removal, it asserts that its counsel also represents defendants Paul Giever, Steven Anderson and Bobbi Keen but these defendants have not been properly served and therefore need not be consulted regarding consent to removal. Meier Enterprises also asserts that it is "unaware of any individuals or businesses named Meier Enterprises Officers, Meier Enterprises Directors and Meier Enterprises Employee Owners," and that these defendants have not been properly served so need not be consulted regarding consent to removal.

## Discussion

Meier argues that the Washington County Circuit Court already determined that Plaintiff's service in November 2016 was inadequate. In support, it cites Mr. Cicotte's declaration, his notes regarding his conversation in January 2017 with the Washington County Clerk's office, and the Oregon Judicial Case Information Network Register of Actions for the Washington County case. Balasubramani Decl. Ex. 4. In the Register of Actions, a November 22, 2016 entry indicates that Meier Enterprises and Paul Giever were served on November 23, 2016. It lists the three remaining defendants as "Unserved." According to the Register, a motion for

default order was filed on December 28, 2016 and a motion for entry of judgment was filed December 29, 2016. A January 4, 2017 entry indicates "Proof of Service – not a good service (mailing) w/out sub serve." There is a January 4, 2017 entry titled "Summons," a January 16, 2017 entry titled "Affidavit-Mailing" and a February 6, 2017 entry titled "Proof-Service." A February 10, 2017 entry indicates Plaintiff's motion for default was denied on January 31, 2017.

The relevant removal and remand statutes provide as follows:

28 U.S.C. § 1446. *Procedure for removal*

> (a) A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

28 U.S.C. § 1447. *Procedure after removal generally*

\* \* \*

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

The thirty-day period is triggered by either the simultaneous service of the summons and complaint or the receipt of the complaint at some point after service of the summons. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 354 (1999). The removal clock does not start until a defendant receives formal service of the summons and complaint. *Id.* at 354. The removal statute is strictly construed and "any doubt about the right of removal requires

OPINION AND ORDER – 5

resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (*citing Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). This presumption against removal "means that 'the defendant always has the burden of establishing that removal is proper.'" *Id.* (*quoting Gaus*, 980 F.2d at 566).

Meier argues that because Plaintiff did not properly serve it until January 20, 2017 and the notice of removal was filed on February 10, 2017, removal was timely. Plaintiff argues that Meier was "adequately served" pursuant to ORCP 7 on November 28, 2016, thus triggering the thirty day removal period as of that date.

Under Oregon state law, courts apply the analysis set out in *Williams v. Jett*, 183 Or. App. 611, 614, 54 P.3d 624, 625 (2002) and *Baker v. Foy*, 310 Or. 221, 227, 797 P.2d 349 (1990) when evaluating the adequacy of service. *Baker* approaches the question of whether there was adequate service of summons under ORCP 7 by asking two questions:

> *Question 1.* Was the method in which service of summons was made one of those methods described in ORCP 7 D(2), specifically permitted for use upon the particular defendant by ORCP 7 D(3), and accomplished in accordance with ORCP 7 D(2)?
>
> * * *
>
> *Question 2.* Does the manner of service employed by plaintiff satisfy the "reasonable notice" standard of adequate service set forth in ORCP 7 D(1)?

*Baker*, 310 Or. at 228-229.

If the answer to Question 1 is "yes," then there is adequate service of summons. If the answer is "no," proceed to Question 2. If the answer to Question 2 is "yes," then service of summons is adequate. If the answer is "no," then service of summons is invalid. *Id.*

After reviewing the record, I agree with Meier that in this case the answer to question 1 is "no." Defendant is a foreign corporation authorized to transact business in the state of Oregon

OPINION AND ORDER – 6

and with a registered agent in Keizer, Oregon. Under the applicable rules for service of a summons and complaint on a corporation, primary service is effected by personal or office service on a registered agent, officer, or director of the corporation, or by personal service upon any clerk on duty in the office of a registered agent. Or. R. Civ. P. 7D(3)(b)(i). While Paul Giever is listed as an officer of the corporation, mailing the complaint and summons to him was neither personal service, nor office service as prescribed in the relevant rules. Or. R. Civ. P. 7D(2)(a), 7D(2)(c).

Alternatively, if a registered agent, officer, or director cannot be found in the county where the action is filed, true copies of the summons and complaint may be served by (1) "substituted service upon such registered agent, officer, or director;" (2) "personal service on any clerk or agent of the corporation who may be found in the county where the action is filed;" or (3) "mailing in the manner specified in paragraph D(2)(d) of this rule. . . ." Or. R. Civ. P. 7D(3)(b)(ii).

Plaintiff's mailing to Meier, care of Paul Giever, did not constitute proper service under the first two of these options. Plaintiff erroneously argues that the postal carrier's delivery of the mail to the clerk on duty at the front desk of Meier's offices constituted service under Rule 7D(3)(b)(i). Delivery was not made to a "registered agent, officer, or director of the corporation; or by personal service upon any clerk on duty in the office of a <u>registered agent</u>." Or. R. Civ. P. 7D(3)(b)(i) (emphasis added).

Under the third option, Rule 7D(3)(b)(ii)(C) allows service on the corporation by mailing true copies of the summons and the complaint "to the office of the registered agent or to the last registered office of the corporation, if any, as shown by the records on file in the office of the Secretary of State," "by first class mail and by any of the following: certified, registered, or

OPINION AND ORDER – 7

express mail with return receipt requested." Or. R. Civ. P. 7D(3)(b)(ii)(C) ; 7D(2)(d)(i). The plaintiff is also required to send the complaint and summons to "any address the use of which the plaintiff knows or has reason to believe is most likely to result in actual notice [.]"Or. R. Civ. P. (3)(b)(ii)(C). Finally, service may also be made upon the Secretary of State in the specified manner. Or. R. Civ. P. 7D(3)(b)(ii)(D).

Plaintiff failed to mail true copies of the summons and complaint to the office of Meier's registered agent until January 20, 2017. He also failed to request return receipt for his November 23, 2016 certified mailing, thus the requirements of Rule 7D(2)(d)(i) were not met. Accordingly Plaintiff did not effect presumptively valid service on Meier. *See Baker*, 310 Or. at 228.

Having answered the first question of the *Baker v. Foy* analysis with a "no," the Court must then consider whether "the manner of service employed by plaintiff satisfy the "reasonable notice" standard of adequate service set forth in ORCP 7 D(1)." Under the circumstances of this case, I conclude that the answer to this second question is also "no."

To determine whether or not service of process satisfies "the 'reasonable notice' standard for adequate service set forth in Or. R. Civ. P. 7D(1)," *Baker*, 310 Or. at 229; courts examine "the totality of the circumstances as they were known to plaintiff at the time of service." *Paschall v. Crisp*, 138 Or. App. 618, 624 (1996); *see also Davis Wright Tremaine, LLP v. Menken*, 181 Or. App. 332, 339 (2002) (focusing on whether plaintiff's conduct was objectively reasonable, not on the defendant's subjective notice). The plaintiff bears the burden of showing that service was reasonably calculated to apprise each defendant of the pending action. *Murphy v. Price*, 131 Or. App. 693, 696 (1994).

It is obvious from Mr. Cicotte's correspondence with Plaintiff in December 2016 that Meier had actual notice of the pendency of the action. However, under Oregon law, actual notice

cannot make service adequate under ORCP 7 if the summons is not served in a manner reasonably calculated to apprise the defendant of the existence and pendency of the action against him. *Davis Wright Tremaine, LLP v. Menken*, 181 Or. App. 332, 338–39, 45 P.3d 983, 986 (2002)(*citing Jordan v. Wiser,* 302 Or. 50, 60, 726 P.2d 365 (1986) *disapproved of on other grounds by Baker v. Foy*, 310 Or. 221, 797 P.2d 349 (1990)).[2]

Meier argues that Plaintiff's postal service receipt indicates that Plaintiff only sent the complaint and summons via Certified Mail and First Class mail and not, as Plaintiff contends, "Certified Mail Restricted Delivery." However, a review of the certified mail receipt dated November 23, 2016 shows that the box next to "Certified Mail Restricted Delivery" is marked. Nevertheless, Plaintiff failed to request a return receipt on either the First Class or Certified mailing. Without "some more particularized assurance or confirmation of delivery to the defendant" attempted service by mail is insufficient to satisfy the reasonable notice standard under Or. R. Civ. P. 7D(1). *Menken*, 181 Or. App. 332, 343 (*citing Edwards v. Edwards,* 310 Or. 672, 679-80, 801 P.2d 782 (1990)).

During oral argument on the motion, Plaintiff directed the Court's attention to the Proof of Service he filed with the Washington County Circuit Court. Balasubramani Decl. Ex. 2. The Proof of Service is signed by Plaintiff. Id. It states under "Mail Service Upon Individual(s)" that "Defendants" were served by "certified or registered mail with return receipt requested." Id. Under "Service on Corporations . . . . ," the Proof of Service indicates that Meier was served by "delivering such true copies personally and in person, to Paul Giever . . . ." During argument, Plaintiff cited to *Burden v. Copco Refrigeration, Inc.*, 339 Or. 388, 394, 121 P.3d 1133, 1136

---

[2] *See generally Abbotts v. Bacon,* 133 Or.App. 315, 323, 891 P.2d 1321 (1995) (Haselton, J., dissenting) ("There is no question that defendant actually received the complaint and summons in a timely fashion and was not prejudiced by the deficiencies in service. But Oregon's arcane rules governing service of process make no allowance for actual notice and, thus, compel such technically correct, but practically absurd, results.").

OPINION AND ORDER – 9

(2005) for the proposition "that a certificate of service that a plaintiff has filed with the court is '*prima facie* evidence of the material facts recited therein.'" *Id.* (*quoting Abraham v. Miller*, 52 Or. 8, 11, 95 P. 814 (1908); *Huntington v. Crouter*, 33 Or. 408, 414, 54 P. 208 (1898)). In *Burden*, however, the defendant did not introduce any evidence to rebut the facts recited in the certificate of service nor argue that those facts, if true, were not sufficient to prove service. *Id.* at 391. The Court held that the "certificate of service was *prima facie* evidence of the material facts recited therein" but went on to conclude that "[i]f those facts establish that the plaintiff properly served the defendant, the plaintiff need not introduce any other evidence to meet his or her burden of production, although a defendant always may introduce evidence to rebut the facts recited in the certificate. *Id.* at 394, 394(emphasis added). Here, the evidence submitted by both Meier and Plaintiff rebuts the assertions in the Proof of Service upon which Plaintiff relies.

Accordingly, I must conclude that Plaintiff's attempted mail service on November 23, 2016 was inadequate under Or. R. Civ. P. 7 and that Meier's removal on February 10, 2017 was timely, based upon service to its registered agent on January 20, 2017. Plaintiff's motion for remand is denied.

Plaintiff has also filed a Motion for Entry of Default. Plaintiff filed an Ex Parte Motion for Order of Default Judgment and Declaration in Support on December 28, 2016, in Washington County Circuit Court. (K. Balasubramani, Ex. 2). On February 10, 2017, Washington County Circuit Court Judge Eric Butterfield denied Plaintiff's Ex Parte Order on Default. (K. Balasubramani, Ex. 3). On the same day, Meier filed its Notice of Removal to the U.S. District Court. Meier then filed its answer on February 16, 2017. Because Meier timely filed its answer on February 16, 2017, and is defending this action, Plaintiff has not met the requirements of Fed. R. Civ. P. 55. *See* Fed. R. Civ. P. 55(a)("[w]hen a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").[3] Accordingly, Plaintiff's motion for entry of default judgment is denied.

## Conclusion

For the reasons set out above, Plaintiff's Motion to Remand [Dkt. #11] and Motion for Entry of Default [Dkt. #15] are DENIED.

DATED this 15th day of June, 2017.

_____
John Jelderks
U.S. Magistrate Judge

---

[3] I also note that if the Court accepted Plaintiff's argument that the November 28, 2016 was valid and remand was warranted, this court would not have jurisdiction to enter a default order or judgment.

OPINION AND ORDER – 11