IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHANTUBHAI SHAH, | ) Civil No.: 3:17-cv-00226-JE |
| Plaintiff, | ) |
| v. | ) OPINION AND ORDER |
| MEIER ENTERPRISES, INC., a Washington Corporation; PAUL GIEVER, CEO/President; STEVEN ANDERSON, an Individual; BOBBI KEEN, an Individual; MEIER ENTERPRISES OFFICERS, Individuals; MEIER ENTERPRISES DIRECTORS, Individuals; MEIER ENTERPRISES EMPLOYEE OWNERS, Individuals; | ) |
| Defendants. | ) |

JELDERKS, Magistrate Judge:

*Pro se* Plaintiff Shah brings this action against Defendants Meier Enterprises, Inc. ("Meier"); and individuals Paul Giever, Steven Anderson, and Bobbi Keen, alleging age and race and national origin discrimination under federal and Washington state laws, whistle blower retaliation under Oregon and Washington state laws and common law retaliatory wrongful discharge.

Plaintiff originally filed his complaint in Washington County Circuit Court for the State of Oregon on November 22, 2016. (Dkt. #1). On February 10, 2017, Meier removed the case to this court based on federal question jurisdiction for Plaintiff's claims under 42 U.S.C. §2000e-2

OPINION AND ORDER – 1

and 29 U.S.C. § 623 and supplemental jurisdiction for Plaintiff's state law claims. (Dkt. #1). Plaintiff subsequently filed a motion for remand, which was denied by this Court in an Order dated June 15, 2017.

Plaintiff was granted leave to file an Amended Complaint, which he submitted on October 2, 2017. Although the discovery and dispositive motion deadlines were not until February 12, 2018, Plaintiff filed a motion for summary judgment on December 21, 2017. The parties then filed a joint motion for extension of discovery and pre-trial deadlines. The Court granted the motion and the deadline for discovery and dispositive motions was set for May 7, 2018. Plaintiff then filed an amended motion for summary judgment on January 3, 2018.

On January 5, 2018, Defendants' filed a motion seeking an extension of time to respond to Plaintiff's amended motion for summary judgment. At that time, discovery had not been completed and Plaintiff's deposition, although scheduled, had not yet occurred. On January 22, 2018, the Court granted the motion and set the deadline for Defendants' Response to the motion for summary judgment for April 6, 2018.

On March 6, 2018, Plaintiff filed a motion for leave to file a Second Amended Complaint. On March 19, 2018, Defendants filed a second motion to extend the deadline to respond to Plaintiff's motion for summary judgment because Plaintiff had recently scheduled the depositions of numerous Meier employees. The Court granted the motion, giving Defendants until April 20, 2018 to file their response. On April 16, 2018 Plaintiff filed a document entitled "Leave for Plaintiff's Affidavit in Support of First Amended Motion for Summary Judgment." On April 20, 2018, Defendants filed their response to Plaintiff's motion for summary judgment and a cross-motion for summary judgment.

Currently pending before the Court is Plaintiff's motion for leave to file a Second Amended Complaint. For the reasons that follow, Plaintiff's motion is denied.

## Discussion

Plaintiff requests leave to amend his Complaint to add a claim for fraud. Defendants oppose the motion, arguing that the proposed Second Amended Complaint fails to meet the heightened pleading standards for fraud and because it is untimely and prejudicial.

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." A claim for fraudulent misrepresentation "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)(quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir.1994))(internal quotations omitted).

This heightened pleading standard is designed "(1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009)(quoting *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405 (9th Cir.1996))(internal quotations omitted, brackets in original). In federal court, the substantive elements of a state law

fraud claim are determined by state law, but those elements still must be pleaded with particularity as required by Rule 9(b). *Vess*, 317 F.3d at 1104–05.

Here, Plaintiff has added two additional paragraphs to his Amended Complaint which he contends allege a claim for fraud. Those paragraphs state:

> During interview Plaintiff having 20+ years of experience as a Department Manager mentioned interest in Defendants' Electrical Department Group Manager position, but was not offered. After Plaintiff's six weeks employment with Defendants, Waterman was offered that position with no previous experience as an electrical department manager.
>
> * * *
>
> Defendants induced Plaintiff to accept Senior Electrical Engineer/Project Manager position at Vancouver office guaranteeing equal employment opportunity described in Meier Employment Manual to which Plaintiff relied upon. Defendants knowingly denied Plaintiff equal opportunity as was offered to Kelly Waterman with no experience as a Manager.

(Proposed 2nd Am. Compl. at ¶¶ 18, 86).

These allegations fail to provide adequate particularity with respect to the "who, what, when, where and how of the misconduct charged." <u>Vess</u>, 317 F.3d at, 1106 (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997) (internal quotations omitted). Plaintiff's proposed amendments do not comport with Rule 9(b)'s heightened pleading requirement.

Under Fed.R.Civ.P. 15(a), leave to amend a complaint "shall be freely given when justice so requires." Amendment is permitted liberally. *See, e.g., Chodos v. West Publishing Co.,* 292 F.3d 992, 1003 (9th Cir.2002). However, courts deny motions for leave to amend which have been unduly delayed, when amendment would result in undue prejudice to the opposing party, or the motion for leave to amend is filed in bad faith, or when amendment would be futile. *Owens v. Kaiser Foundation Health Plan. Inc.,* 244 F.3d 708, 712 (9th Cir.2001).

Under other circumstances, the Court would likely allow Plaintiff to attempt to remedy his failure to plead fraud with the requisite particularity by permitting submission of a revised proposed Second Amended Complaint. However, I agree with Defendants' contentions that Plaintiff's motion for leave to file a Second Amended Complaint at this juncture is both untimely and prejudicial. Plaintiff's original Complaint was filed in November 2016, nearly a year and half ago. Plaintiff then sought and was granted leave to file an Amended Complaint, which he did in October 2017. Plaintiff then filed motions for summary judgment despite the fact that neither he nor Defendants had completed the bulk of discovery. Nonetheless, the claim that Plaintiff now seeks to add is based on alleged representations that were made to him during his hiring and within the contents of Meier's Employee Manual. Plaintiff has not pointed to any new evidence that would justify the addition of these allegations this far into the litigation process. These are matters of which Plaintiff was or should have been aware when his original, or at the very least his Amended, Complaint was filed.[1]

Plaintiff has not explained why he did not add his claim for fraud earlier, but instead waited to seek leave to amend only after he had filed a motion for summary judgment and after Defendants' had taken his deposition. In his Reply in support of his motion to amend, Plaintiff asserts that Defendants were on notice regarding his claim for fraud and leave should be granted to amend because he included a fraud claim in his amended motion for summary judgment. Plaintiff asserts that Defendants have put "the cart before the horse" in responding to his motion to amend. However, here it is Plaintiff who seeks to bootstrap an inartfully pleaded claim into a Second Amended Complaint based on its premature inclusion in a motion for summary

---

[1] In support of their opposition to Plaintiff's motion, Defendants have submitted the Declaration of Sarah Ewing who states that Plaintiff produced pages of the referenced Employee Manual on October 17, 2017, in response to Defendant's discovery requests. (Ewing Decl. at ¶ 2).

OPINION AND ORDER – 5

judgment. Permitting amendment would necessitate additional efforts in what has already been a contentious discovery process.  Furthermore, allowing amendment while cross-motions for summary judgment are pending would only keep this case moving in circles, create an unjustified delay that would significantly prejudice Defendants and be contrary to the interests of justice. *M/V American Queen v. San Diego Marine Const. Corp.,* 708 F.2d 1483, 1492 (9th Cir.1983) (affirming district court's denial of motion to amend based on undue delay, need to extend discovery, no allegations of newly discovered facts, and pending motion for summary judgment).

## **Conclusion**

Plaintiff's motion for leave to file a Second Amended Complaint (Dkt. #112) is DENIED.

DATED this 26th day of April, 2018.

         /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge